Benjamin J. Riley, WSBA#34949
Brian L. Budsberg, P.L.L.C.
P.O. Box 1489
Olympia, WA 98507-1489
Telephone: (360) 584-9093
Facsimile: (360) 252-8333
Attorneys for Debtors

HONORABLE PAUL B. SNYDER
Location Tacoma
Chapter 11
**Hearing Date:**
**Hearing Time:**
**Response Date:**

UNITED STATES BANKRUPTCY COURT FOR

THE WESTERN DISTRICT OF WASHINGTON TACOMA

| | |
|---|---|
| In re:<br><br>2358-2372 SOUTH YAKIMA AVENUE, LLC<br><br>Debtors. | Case No. 10-42298<br>OBJECTIONS TO THE PROPOSED<br>RULE 2004 DATE |

Comes now Thomas H. Oldfield of Oldfield and Helsdon, PLLC, one of the attorneys for the debtor herein, and makes the following objections to the proposed 2004 date.

1. Oldfield and Helsdon, PLLC represented the debtor with regard to this project in negotiations with Banner Bank and in litigation initiated by Banner Bank against the debtor before this proceeding was filed. Oldfield and Helsdon, PLLC is in the process of applying for approval as co-counsel for the debtor in this matter with Brian Budsberg.

2. Oldfield and Helsdon received copies of Banner Bank's Ex Parte Motion for Examination under Rule 2004 in the middle of the afternoon on Thursday, April 1, 2010. Mr. Oldfield and Mr. Helsdon each had significant motions set for hearing on the motion calendar in

Pierce County Superior Court on Friday, April 2, commencing at 9:00 AM. Those motions occupied the entire morning for both counsel.

3. The documents that must be reviewed by the proposed deponents before the examinations are voluminous, if the three deponents are to be properly prepared for the examination. These include draw requests and supporting documentation for monthly draws from February, 2008 through December, 2009, which alone fill at least three six-inch ring binders. Further, because of the allegations made by Banner Bank, it is necessary to locate and compare the originals of each of the invoices to the copies attached to the draw requests. They also include all of the other financial records of the debtor.

4. Two of the persons to be examined, Casey Ingels and Gwendolyn Ingels, learned for the first time on March 17, 2010 that some invoices submitted with the draw requests may have been changed, and need sufficient time to determine whether those statements are true, and if so, the extent thereof, and to verify that no project funds have been misapplied or embezzled. The examinations that they have conducted to date, and the examinations conducted by an accountant engaged by the debtor to date, indicate that no funds have been misapplied or embezzled.

5. Mr. Oldfield and Mr. Helsdon each have significant matters already scheduled for the next two weeks. These allow only limited time for them to work with the debtor to prepare for these examinations. Mr. Oldfield has an arbitration scheduled for Thursday, April 8, and Mr. Helsdon has a jury trial scheduled to commence on April 14. To allow adequate time for preparation for these examinations, the examinations should be scheduled during the first or second weeks of May, 2010.

2

BRIAN L. BUDSBERG, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

Case 10-42298-PBS  Doc 11  Filed 04/02/10  Entered 04/02/10 14:37:39  Page 2 of 4

6. The property is fully protected and secured. The building is 80% complete, and all exterior doors and windows are installed, locked and secure. There is a cyclone fence around the entire perimeter of the building that is secure and locked. There is 24-hour video surveillance of the property. The debtor has one or more persons on site to verify security at least three times per day. The project has been in this condition since at least March 12, 2010, and there have been no incidents of theft, damage, or vandalism to the property.

7. The property is under construction and vacant. There will be no loss of income caused by the property remaining in its current state for a reasonable time. There would be no diminution in value of the project resulting from the granting of a reasonable time to prepare for the proposed rule 2004 examinations.

8. As of 11:50 AM on Friday, April 2, 2010, counsel for the debtor received a request from counsel for Banner Bank to make the premises available for inspection by the bank's construction consultant, Kenneth Clark, on Tuesday, April 6, at 1:00 PM. Debtor does not object to an inspection of the premises with reasonable notice, but debtor does not have the resources to dedicate someone to this inspection for half a day that quickly. Debtor made efforts from mid-December, 2009 through March 10, 2010 to schedule inspections with Mr. Clark to be attended by the debtor's contractor and its project manager, but those efforts have been rebuffed.

9. The project has been inspected on a bi-weekly basis since construction started in February, 2009 by Construction Testing Laboratories, Inc., and written reports prepared with regard to each such inspection. Those biweekly inspection reports have continually been made available to Banner Bank's construction inspector. The debtor offered a complete copy of all of those examination reports to Banner Bank at a meeting on March 17 to demonstrate

BRIAN L. BUDSBERG, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

that the project had been properly constructed according to all specifications. Banner Bank declined the offer and indicated that it did not want that copy.

10. Because work on this project has been shut down, and because Banner Bank did not fund that portion of the December draw for developer's fees and for overhead and profit, debtor has extremely limited resources to accumulate the information necessary and to prepare for these examinations. Even with those limited resources, the debtor and the proposed deponents would be able to prepare if the examinations are scheduled during the first or second week of May, 2010.

Respectfully submitted this second day of April, 2010.

Oldfield and Helsdon, PLLC
Co-Counsel for Debtor

By: Thomas H. Oldfield
WSBA #2651

4

BRIAN L. BUDSBERG, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093